■ IRENE GREFE, an Infant, by Her Mother and Guardian, ANNA GREFE, et al., Appellants, v. FRANCES VOLBERG et al., Respondents.— In an action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Queens County, dated December 21, 1972, denying their motion to strike defendants' answer and to direct judgment for plaintiffs. Order reversed, on the law, with $20 costs and disbursements, and plaintiffs' motion granted, without costs, on the issues of liability. The case is remanded for a hearing on the issue of damages. In her complaint, the infant plaintiff alleged that on November 23, 1971, she was a passenger lawfully on a school bus in New Hyde Park, in Nassau County. The bus stopped at the curb to discharge her. The bus was colored yellow, bore " School Bus " signs and had its red lights flashing. As the infant plaintiff crossed in front of the bus, she was hit and thrown to the ground by an automobile operated by defendant Frances Volberg and owned by defendant Henry Volberg. Plaintiffs alleged that defendants' acts violated subdivision (a) of section 1174 of the Vehicle and Traffic Law. That section in full provides, as follows: " (a) The driver of a vehicle upon a highway outside of the city of New York upon meeting or overtaking from either direction any school bus marked and equipped as provided in subdivision twenty of section three hundred seventy-five of this chapter which has stopped on the highway for the purpose of receiving or discharging any school children shall stop the vehicle before reaching such school bus when there is in operation on said school bus a red visual signal as specified in subdivision twenty of section three hundred seventy-five of this chapter and said driver shall not proceed until such school bus resumes motion, or until signaled by the driver or a police officer to proceed. " (b) The driver of such school bus, when discharging pupils who must cross the highway, shall instruct such pupils to cross in front of the bus and the driver thereof shall keep such school bus halted with red signal lights flashing until such pupils have reached the opposite side of the highway." Thereafter, plaintiffs moved to strike defendants' answer (which consisted in the main of a denial " of any knowledge or information sufficient to form a belief " as to plaintiffs' allegations) and for a directed judgment in their favor. Attached to the plaintiffs' moving papers was an MV-104 form signed by defendant Frances Volberg which gives the following description and apparent cause of the accident: " Parked School Bus Discharging children, lights flashing, going in same direction in next lane. I slowed to almost a stop, seeing no one coming across I proceeded to start, slowly, when child ran across in front of bus without looking into right of my car. I instantly braked car. She was knocked down, picked self up & walked away OK — but bruised." In an opposing affidavit, defendant Frances Volberg admitted that she observed " a school bus with flashing lights stopped at the corner on my right "; that she slowed down, almost coming to a stop; that, seeing no one crossing, she took her foot from the brake and put it on the gas pedal; and that as she passed the bus, the infant plaintiff ran out in the street and came into contact with her car's right front fender. Defendant made no claim that she was signalled by the bus driver or a police officer to pass the stationary bus, but rather alleged that she was a careful driver and that plaintiff's act

604

in running out from the front of the bus without looking, was the cause of the accident. It has been held that a violation of subdivision (a) of section 1174 of the Vehicle and Traffic Law imposes a rule of absolute liability (*Dean* v. *Baumann,* 39 A D 2d 138); and that the defense of contributory negligence is not available to a defendant who causes injury through a violation of that section *(Dean* v. *Baumann, supra).* In her signed MV-104 form and again in her opposing papers, defendant driver admitted that she saw the stopped school bus with its flashing lights; that she did not come to a full stop but rather proceeded slowly past the stationary bus without a signal to do so from the bus driver or a policeman, both actions constituting violations of subdivision (a) of section 1174 of the Vehicle and Traffic Law; and that her car knocked the infant plaintiff down. Under these circumstances, it is clear that there were no facts in issue raised in opposition to plaintiffs' motion for summary judgment, and that motion should have been granted. (See, *Van Gaasbeck* v. *Webatuck Cent. School Dist.,* 21 N Y 2d 239.) Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.